**Angela L. HALL**

v.

**TREASURE BAY VIRGIN ISLANDS CORPORATION d/b/a Divi Carina Bay Casino**

**Treasure Bay Virgin Islands Corporation, Appellant.**

**No. 09–1754.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Dec. 3, 2009.

Filed: March 16, 2010.

Pamela L. Colon, Esq., for Angela L. Hall.

Charles E. Engeman, Esq., Ogletree, Deakins, Nash, Smoak & Stewart, St. Thomas, VI, for Treasure Bay Virgin Is-

lands Corporation d/b/a Divi Carina Bay Casino.

Before: McKEE, FUENTES, and NYGAARD, Circuit Judges.

## OPINION OF THE COURT

NYGAARD, Circuit Judge.

Angela Hall filed an employment discrimination action against her employer, Appellant Treasure Bay Virgin Islands Corporation, under Title VII and 42 U.S.C. § 1981 alleging breach of contract, bad faith, unfair dealing and negligent and intentional infliction of emotion distress. Treasure Bay filed a motion to compel arbitration Hall opposed the motion, arguing that Treasure Bay's hourly employee agreement was both procedurally and substantively unconscionable and, as such, was unenforceable.

The District Court found that several provisions of Treasure Bay's employment agreement were substantively unconscionable and that this unconscionability so infected the agreement that severability was impossible. It denied the motion to compel arbitration. We will affirm.

### I.

Treasure Bay argues on appeal that the District Court erred by three specific holdings: first, that the "loser pays" provision of the employment agreement was unconscionable; second, that the agreement's "constraint" provision was substantively unconscionable; and third, assuming these provisions were unconscionable, that they could not be severed from the agreement. We will review each claim.

### A. The "Loser Pays" Provision

The employment agreement at issue here contains a provision that required the non-prevailing party at arbitration to

pay the costs of the arbitration, should the arbitrator so order. The District Court found this provision of the agreement to be substantively unconscionable.

Our jurisprudence regarding the costs of arbitration originates from the Supreme Court's opinion in *Green Tree Fin. Corp. v. Randolph,* 531 U.S. 79, 121 S.Ct. 513, 148 L.Ed.2d 373 (2000), where the Supreme Court held that although costs of arbitration might be so high as to prevent a party "from effectively vindicating her federal statutory rights in the arbitral forum," the mere absence of a provision governing costs in an arbitration agreement is not sufficient to make the agreement unenforceable. A party seeking to "invalidate an arbitration agreement on the ground that arbitration would be prohibitively expensive … bears the burden of showing the likelihood of incurring such costs." *Id.* at 92, 121 S.Ct. 513. We have also consistently held that to meet this burden, a plaintiff must (1) come forward with some evidence to show the projected fees that would apply to their specific arbitrations, and (2) show the party's inability to pay those costs. *Parilla v. IAP Worldwide Serv.,* 368 F.3d 269, 283–85 (3d Cir.2004); *Alexander v. Anthony Int'l, L.P.,* 341 F.3d 256, 268–69 (3d Cir.2003). Thus, a party seeking to declare a provision awarding arbitration costs unenforceable must proffer some credible and substantiated evidence of that party's financial situation as well as the specific costs of arbitration. *See Blair v. Scott Specialty Gases,* 283 F.3d 595, 607 (3d Cir.2002); *Parilla,* 368 F.3d at 284. Hall has done so here although, as the District Court recognized, just barely. Hall submitted evidence to the District Court regarding the costs of the proposed arbitration and Treasure Island did not dispute this evidence. She also submitted evidence of her financial status at the time she signed the agreement, earning eight dollars an hour. The District Court found that, based on this evidence, the possibility of having to pay the entire costs associated with an arbitration would discourage Hall from filing a meritorious claim, given her personal financial situation. We agree and indeed have held that the "prospect that the employee may have to pay the entire amount of an arbitrator's fees and expenses may serve to chill her willingness to bring a claim." *Parilla,* 368 F.3d at 284. It was not error to find this provision of the arbitration agreement to be substantively unconscionable.

### B. The "Constraint" Provision

■ The arbitration agreement at issue here contained a provision which provides that

[t]he arbitrator, in rendering a decision, may uphold the actions of the Company or may grant relief to Employee. If the arbitrator finds that disciplinary action was merited, the arbitrator may not alter or amend the form of disciplinary action imposed by the company. ·

App. 26. The District Court found this provision substantively unconscionable and we agree. Indeed, this provision is contrary to the rules of the American Arbitration Association, which state that " '[t]he arbitrator may grant any remedy or relief which the Arbitrator deems just and equitable within the scope of the agreement of the parties.' " *Brown v. Coleman Co., Inc.,* 220 F.3d 1180, 1183 (10th Cir.2000) citing AAA Employment Disputes Rule 34(d). The Supreme Court has held that "though the arbitrator's decision must draw its essence from the agreement, she or he 'is to bring his informed judgment to bear in order to reach a fair solution of a problem. *This is especially true when it comes to formulating remedies.*' " *United Paperworkers Intern. Union, AFL–CIO v. Misco, Inc.,* 484 U.S. 29, 41, 108 S.Ct. 364, 98 L.Ed.2d 286 (1987) (quoting *United*

*Steelworkers of America v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 597, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960)) (emphasis in original). An arbitrator is authorized, therefore, to disagree with the sanction imposed for employee misconduct. The constraining provision here improperly limits an arbitrator's abilities to craft an appropriate remedy and the District Court did not err by finding it substantively unconscionable.

C.  Severability

The Federal Arbitration Act establishes a "strong federal policy in favor of the resolution of disputes through arbitration." *Alexander v. Anthony Intern., L.P.*, 341 F.3d 256, 263 (3d Cir.2003) (citing *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983)). However, where an arbitration agreement contains provisions that are unconscionable—and thereby unenforceable—we must decide whether to sever the offending provisions from the remainder of the agreement or whether enforcement of the arbitration agreement should be denied *in toto*. Severance of unenforceable provisions of a contract is appropriate where the provisions are not "an essential part of the agreed exchange." *Spinetti v. Service Corp. Intern.*, 324 F.3d 212, 214 (3d Cir.2003). Where the unconscionable provisions "permeate the agreement ... and thoroughly taint its central purpose of requiring the arbitration of employment disputes, severance is inappropriate and the agreement should not be enforced." *Alexander*, 341 F.3d at 271. We will not give effect to an agreement to arbitrate that is afflicted by fundamental and pervasive unfairness. *Id.*

Here, the District Court found two unconscionable provisions—(1) the "Loser Pays" provision and (2) the provision constraining the arbitrator's ability to fashion an appropriate remedy in disciplinary matters. Treasure Island did not dispute that the agreement's requirement that an employee notify an employer within thirty days of a claim arising thereunder is unconscionable. *See Parilla*, 368 F.3d at 277. Treasure Bay also conceded that the agreement's provision requiring each party to bear its own arbitration costs and expenses (other than arbitrator's fees and expenses), including attorneys fees, was unconscionable. *Id.* at 278.

Under our case law, a series of unconscionable provisions in an arbitration agreement will preclude severance and enforcement of the arbitration agreement if they evidence a deliberate attempt by an employer to impose an arbitration scheme that is designed to discourage an employee from arbitration or to produce results biased in the employer's favor. *Id.* The mere existence of unconscionable provisions does not compel a finding of serious misconduct. *Id.* at 289 ("[S]everability requires more than a count of the unconscionable provisions.").

That determination hinges on whether the number of provisions and the degree of unfairness support the inference that the employer was not seeking a bona fide mechanism for dispute resolution, but instead sought to impose a scheme that it knew or should have known would provide it with an unfair advantage over its employee. We think such an inference is well supported here and the District Court did not err by refusing to sever the unconscionable provisions from the agreement. The provision requiring employees to bear their own costs and fees provides Treasure Island with an unfair advantage, which is even further enhanced by the provisions requiring the losing party to pay the arbitrator's costs, and the provision which limits the arbitrator's abilities to fashion an appropriate remedy.

## II.

We will affirm the District Court's order denying Treasure Bay's motion to compel arbitration, and remand the cause to the District Court for further proceedings.